# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WASIM AZIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1592 AGF |
| | ) | |
| GEORGE LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 177729), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Title 28 U.S.C. § 1915(g) provides that a prisoner may not bring a civil action in forma pauperis if "on 3 or more [earlier] occasions, . . . [the prisoner has] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff has filed at least three previous cases that were dismissed as frivolous, malicious or for failure to state a claim.[1] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion to proceed in forma pauperis unless plaintiff "is under imminent danger of serious physical injury."

**The Complaint**

In the instant complaint, plaintiff asserts numerous claims under 42 U.S.C. § 1983. This case follows a previous case which was dismissed by the United States District Court for the Western District of Missouri for plaintiff's failure to exhaust his administrative remedies.[2]

In the present complaint, plaintiff names as defendants: George Lombardi, Larry Crawford, Unknown Paden, Unknown Smith, Jean Ann Johnson, Unknown

---

[1] See Aziz v. Schiro, Case No. 2:00CV73 DDN (E.D. Mo.); Aziz v. Lowenbaum, Case No. 4:94CV1414 MLM (E.D. Mo.); Aziz v. Turcotte, Case No. 4:94CV101 CDP (E.D. Mo.); Aziz v. St. Louis, Case No. 4:94CV35 DJS (E.D. Mo.); and Aziz v. St. Louis, Case No. 4:93CV1040 DJS (E.D. Mo.).

[2] The prior case was originally filed in this District and dismissed under 28 U.S.C. § 1915(g). See Aziz v. Larry Crawford, Case No. 4:09CV275 AGF. The Court reconsidered the dismissal when plaintiff asserted he was subject to imminent danger with regards to the denial of dental care. At that time, plaintiff was allowed to go forward with his dental claims, and due to improper venue, the case was transferred to the United States District Court for the Western District of Missouri. The Western District of Missouri then dismissed plaintiff's action for failure to exhaust his administrative remedies with respect to his dental claims. See Aziz v. Unknown Dr. Bennett, Case No. 09-6042-CV-SJ-FJG-P (W.D. Mo. Aug. 26, 2009).

Burnett, Juanita Barnett, Unknown Tyrell, Paul Drake, Regina Barden, Jerry Jackson, Unknown Hamlin, Noel Mason, Unknown Skaggs, Johnna Grubbs, Steve Larkins, Michael Rotters, Al Luebbers, Gil Since, David Johnson, and Norman Steagall.

In his complaint, plaintiff makes generalized allegations regarding "the denial of toothpaste for almost two years." Plaintiff states, in general, that he is still being denied "adequate toothpaste and the necessary items for proper dental hygiene" such that he "is in fear of losing his teeth and possibly heart disease." More specifically, plaintiff claims that each of the defendants denied him adequate portions of toothpaste and razors at various times over the past three years, during his time in three different prisons: the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"); Farmington Correctional Center ("FCC"); and Western Missouri Correctional Center ("WMCC"). Plaintiff further states that "because of the lack of adequate dental care his teeth became brittle and two teeth broke off and a cavity got worse and his teeth are deteriorating and his infection in his mouth has gotten worse."

To meet the imminent danger requirement, the threat or prison condition must be real and proximate and the danger of serious physical injury must exist <u>at the time the complaint is filed</u>. <u>Ciarpaglini v. Saini</u>, 352 F.3d 328 (7th Cir. 2003). A prisoner's allegation that he faced danger in the past is insufficient to allow the prisoner to proceed in forma pauperis. <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3rd Cir. 2001);

Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998); Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999).

Plaintiff's claims relating to his lack of adequate toothpaste and razors during his time at ERDCC and FCC (even if the Court assumes that they resulted in serious physical injury) fail to meet the imminent danger standard, as plaintiff currently resides at WMCC and his complaints about those at ERDCC and FCC occurred more than a year previously. See Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003). Thus, plaintiff may not proceed in forma pauperis against defendants Jackson, Hamlin, Mason, Skaggs, Grubbs, Larkins, Rotter Luebbers, Johnson, or Steagall, who all work at either ERDCC or FCC.

The Court finds that <u>if plaintiff had properly stated his claim</u>, he would have been allowed to proceed in forma pauperis solely with regard to his claim that he is in imminent danger of serious physical injury as a result of the purported lack of dental care that is ongoing at this time at the Western Missouri Correctional Center. However, a review of plaintiff's complaint shows that he has not indicated exactly which of the defendants is responsible for his <u>current</u> lack of dental care at WMCC. As noted above, plaintiff's claims of imminent danger must be presently occurring, and it is impossible to tell from plaintiff's complaint exactly who of the enumerated defendants at WMCC is currently placing plaintiff in imminent danger by denying him

adequate means to prevent a tooth infection. In conclusion, because plaintiff's claims relative to the WMCC defendants do not indicate who is placing him in imminent danger of serious physical injury, plaintiff cannot proceed against them in forma pauperis, or under the imminent danger exception of § 1915(g).[3] Furthermore, the Court notes that even if plaintiff had articulated a claim for imminent danger against one or more of the named defendants from WMCC in this action, although he would be granted leave to proceed against those defendants as a pauper, his claims would not survive frivolity review under 28 U.S.C. § 1915. The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the

---

[3]The Court notes that because plaintiff could only be in imminent danger based on the current actions of those persons located at WMCC, should plaintiff be able to articulate a claim against any of the named defendants in a future action, his case would be more properly brought in the United States District Court for the Western District of Missouri. See 28 U.S.C. § 1391(b). The Court takes judicial notice of the fact that plaintiff currently has a denial of dental care case pending in the Western District of Missouri against two dentists not named in this lawsuit, as well as Correctional Medical Services. See Aziz v. Bennett, 5:09CV6110 FJG (W.D. Mo. September 3, 2009).

-5-

State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. Thus, even if plaintiff's complaint were allowed to go forward, the Court would be forced to dismiss the action, pre-service, under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's action is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(g).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of December, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE