# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WASIM AZIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1592 AGF |
| | ) | |
| GEORGE LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for reconsideration of the Court's § 1915(g) dismissal of his complaint. Attached to plaintiff's motion is a proposed amended complaint/supplemental to plaintiff's original complaint.

Plaintiff, an inmate at the Western Missouri Correctional Center, seeks to proceed in forma pauperis against more than twenty defendants, complaining that he has been denied adequate toothpaste for the past two years. As noted in its previous Memorandum and Order, plaintiff is a "three-striker," or has filed at least three previous cases that have been dismissed because they were frivolous, malicious or failed to state a claim. Thus, the Court may not reconsider its denial of plaintiff's motion to proceed in forma pauperis (and the subsequent dismissal of his case), unless plaintiff "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his amended complaint (or supplement to his prior complaint), plaintiff asserts that he is bringing this action against defendants in their individual capacities. Plaintiff claims that he is under imminent danger because he has been denied toothpaste for the past two years, that this practice is still ongoing at the Western Missouri Correctional Center, and that it has caused severe periodontal disease such that plaintiff is in fear of "losing his teeth and possibly heart disease." Plaintiff then enumerates specific claims of the denial of toothpaste as to many different defendants, but notably states that the practice is ongoing with regard to defendants Tyrell, Barnett, Burnett, Smith, Paden, Braden and Drake. Plaintiff also asserts that he contacted defendants Lombardi, Jean Johnson and Crawford with respect to his complaints about the denial of toothpaste but that they failed to respond to his letters/grievances. In his request for relief, plaintiff seeks monetary damages and asks that the Court mandate that he receive proper dental hygiene.

To meet the imminent danger requirement, the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed. Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003). A prisoner's allegation that he faced imminent danger in the past is insufficient to allow the prisoner to proceed in forma pauperis. Abdul-Akbar v. McKelvie, 239 F.3d 307 (3rd Cir. 2001); Ashley v. Dilworth, 147 F.3d 715 (8th Cir. 1998);

Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999). Plaintiff's claims relating to his past lack of adequate toothpaste and razors during his time at Eastern Reception, Diagnostic and Correctional Center and Farmington Correctional Center fail to meet the imminent danger standard as they occurred more than a year previously. As such, the Court will not reconsider the dismissal of the defendants who worked in these facilities: Jackson, Hamlin, Mason, Skaggs, Grubbs, Larkins, Rotters, Luebbers, Johnson, or Steagall. Moreover, because plaintiff has not made any specific allegations against defendant Since, the Court will not reconsider the dismissal of this defendant.

Because plaintiff appears to be making specific allegations regarding imminent danger of dental hygiene against defendants Tyrell, Barnett, Burnett, Smith, Paden, Braden and Drake, the Court will reconsider its order of dismissal with respect to these individuals and allow plaintiff to proceed against these defendants as a pauper. The Court will not, however, reconsider its dismissal of defendants Crawford, Lombardi or Johnson, as the only allegations plaintiff has made against these defendants is that they failed to respond to letters complaining about his treatment. Failure to process an inmate's grievances, without more, is not actionable under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). And plaintiff has not alleged that these defendants directly participated in violating

his federally protected rights. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Because each of the remaining defendants are located in the Western District of Missouri and each of these events arose in the Western District of Missouri, the Court will transfer the case to the United States District Court for the Western District of Missouri. See 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. #8] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the December 22, 2009 Memorandum and Order [Doc. #5] and December 29, 2009 Order of Dismissal [Doc. #6] are **VACATED**.

**IT IS FURTHER ORDERED** that in accordance with the reasoning set forth above, as well as the pertinent reasoning set forth in the Court's December 22, 2009 Memorandum and Order, plaintiff's action is **DISMISSED, without prejudice,** as to defendants Lombardi, Crawford, Jean Johnson, Jackson, Hamlin,

Mason, Skaggs, Grubbs, Larkins, Rotters, Luebbers, Since, David Johnson and Steagall. See 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED,** with respect to his allegations against defendants Braden, Drake, Tyrell, Barnett, Burnett, Smith and Paden.

**IT IS FURTHER ORDERED** that plaintiff's claims that he is being denied toothpaste and adequate dental hygiene by defendants Braden, Drake, Tyrell, Barnett, Burnett, Smith and Paden falls within the imminent danger exception under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that because plaintiff's allegations against defendants Braden, Drake, Tyrell, Barnett, Burnett, Smith and Paden occurred in the Western District of Missouri and these defendants are located in that district, the Clerk shall transfer this case to the Untied States District Court for the Western District of Missouri. See 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(b).

Dated this 22nd day of January, 2010.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE